UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| MOSE S. WILLIAMS, | ) |
|     Plaintiff, | ) ) ) |
| v. | )   No. 1:23-cv-00094-HEA |
| GARRET A. SWIMS, et al., | ) ) ) |
|     Defendants. | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on the application of self-represented plaintiff Mose S. Williams to proceed in the district court without prepaying fees and costs. The Court will grant the application and assess an initial partial filing fee of $110.48. Furthermore, for the following reasons, the Court will order the Clerk of Court to issue process as to defendants Garret Swims, William Petty, and Phillip Dobbs in their individual capacities. The Court will dismiss plaintiff's complaint as to defendants Bill Stayne and Benjamin Crass for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

**Initial Partial Filing Fee**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action without prepayment of fees and costs is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will

forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted his inmate account statement from the Missouri Department of Corrections for the time period of December 22, 2022 through June 22, 2023. Based on this information, the Court determines his average monthly deposit is $552.38. The Court will charge plaintiff an initial partial filing fee of $110.48, which is twenty percent of his average monthly deposit.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed without full payment of the filing fee if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016).

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even self-represent litigants are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that

are not alleged, just because an additional factual allegation would have formed a stronger complaint").

### The Complaint

Plaintiff brings this civil rights action pursuant to 42 U.S.C. § 1983 alleging defendants violated his constitutional rights by using unreasonable force while he was incarcerated at Southeast Correctional Center ("SECC").[1] Named as defendants are Garret Swims, Correctional Officer ("CO"); Phillip Dobbs, CO; William Petty, CO; Bill Stayne, Warden; and Benjamin Crass, CO. Plaintiff sues defendants Swims, Petty, and Dobbs in their individual and official capacities; he sues defendants Stayne and Crass only in their official capacities.

Plaintiff alleges that on August 22, 2022, defendants Swims, Petty, and Dobbs assaulted him while he was cuffed to a restraint bench. After he was released from the bench, he was escorted back to his cell by defendant Dobbs. While in the doorway of his cell and still in cuffs, Dobbs sprayed MK-4 pepper spray in plaintiff's eyes from close range. Plaintiff states that he was not posing any safety or security threat to himself or officers when he was sprayed. Defendants ordered him to wash out his eyes using the sink in his cell.

Plaintiff states that he suffers from lower back and neck pain from the assault. He also suffers vision problems from the burst of pepper spray to his eyes. He was treated for a short time with pain medication and eye drops. For relief, plaintiff seeks compensatory damages of $10,000 and punitive damages of $50,000 against each defendant jointly and severally.

---

[1] Along with his complaint, plaintiff submitted his informal resolution request, offender grievance, and offender grievance appeal. The Court will treat these documents as part of the pleadings. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes").

### Discussion

*Individual Capacity Claims Against Garret Swims, William Petty, and Phillip Dobbs*

Plaintiff alleges defendants Garret Swims, William Petty, and Phillip Dobbs assaulted him while he was restrained to a bench and defendant Dobbs pepper sprayed him while he was cuffed in violation of the Eighth Amendment. When a prison official is accused of using excessive physical force in violation of the Eighth Amendment, the core judicial inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Jackson v. Gutzmer*, 866 F.3d 969, 974 (8th Cir. 2017); *see also Ward v. Smith*, 844 F.3d 717, 721 (8th Cir. 2016) ("Because the use of force is sometimes required in prison settings, guards are liable only if they are completely unjustified in using force, i.e., they are using it maliciously and sadistically"). The factors to be considered in determining whether force was used in good faith include "the need for the application of force, the relationship between the need and the amount of force that was used, and the extent of injury inflicted." *Whitley v. Albers*, 475 U.S. 312, 321 (1986).

Viewing the facts in the light most favorable to plaintiff, the Court finds that plaintiff has stated a plausible claim for unlawful use of force against defendants Swims, Dobbs, and Petty. The Court will issue service on these defendants in their individual capacities.

*Official Capacity Claims Against Garret Swims, William Petty, and Phillip Dobbs*

Although plaintiff has stated plausible claims against defendants Swims, Dobbs, and Petty in their individual capacities, his official capacity claims will be dismissed. In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). In order to prevail on an official capacity claim, the

plaintiff must establish the governmental entity's liability for the alleged conduct. *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016). Moreover, in the absence of a waiver, the Eleventh Amendment bars suit against a state official acting in his or her official capacity. *Morstad v. Dep't of Corr. & Rehab.*, 147 F.3d 741, 744 (8th Cir. 1998).

Plaintiff has made no allegations of unconstitutional conduct against Missouri or the Missouri Department of Corrections, and therefore his official capacity claims against defendants Swims, Dobbs, and Petty will be dismissed under 28 U.S.C. § 1915(e)(2)(B).

*Claims Brought Against Bill Stayne and Benjamin Crass*

Plaintiff lists defendants Bill Stayne and Benjamin Crass in the caption of his case, but he makes no allegations against them in the complaint. Because plaintiff has not alleged any plausible claims for constitutional violations against defendants Bill Stayne and Benjamin Crass, they will be dismissed under 28 U.S.C. § 1915(e)(2)(B).

## Motion for Appointment of Counsel

Finally, plaintiff has filed a motion to appoint counsel. The motion will be denied at this time. In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not

warranted at this time. Plaintiff has demonstrated, at this point, that he can adequately present his claims to the Court. Additionally, neither the factual nor the legal issues in this case appear to be complex. The Court may consider future motions for appointment of counsel as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's application to proceed in the district court without prepaying fees and costs is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that plaintiff must pay an initial partial filing fee of $110.48 within **thirty (30) days** of the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue upon the complaint pursuant to the service agreement the Court maintains with the Missouri Attorney General's Office, as to defendants Garret Swims, Phillip Dobbs, and William Petty in their individual capacities.

**IT IS FURTHER ORDERED** that plaintiff's claims brought against defendants Garret Swims, Phillip Dobbs, and William Petty in their official capacities are **DISMISSED** without prejudice under 28 U.S.C. § 1915(e)(2)(b).

**IT IS FURTHER ORDERED** that plaintiff's claims brought against defendants Bill Stayne and Benjamin Crass are **DISMISSED** without prejudice under 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel is **DENIED** without prejudice. [ECF No. 3]

An Order of Partial Dismissal will accompany this Opinion, Memorandum and Order.

Dated this 10th day of August, 2023.

                                              HENRY EDWARD AUTREY
                                          UNITED STATES DISTRICT JUDGE