# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| MOSE S. WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:23-cv-00094-HEA |
| | ) | |
| GARRET A. SWIMS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on review of the file following self-represented plaintiff Mose S. Williams' filing of an amended complaint.

On October 10, 2023, defendants filed a motion to dismiss plaintiff's complaint. Likely in response to this motion, plaintiff filed an amended complaint. However, the amended complaint is missing nearly all of the pages of the Court-provided form complaint, including several pages that would identify the defendants and the capacity in which they are being sued. The amended complaint also includes an informal resolution request regarding an entirely separate event, which was not mentioned in either complaint. *See* ECF No. 14 at 3-4.[1] Shortly after plaintiff filed his amended complaint, defendants again filed a motion to dismiss.

Because plaintiff is proceeding as a self-represented litigant, the Court will allow plaintiff to file a second amended complaint on a Court-provided form. Plaintiff must complete the form in its entirety. Plaintiff is warned that the filing of a second amended complaint **completely replaces** the original and amended complaint. This means that claims that are not re-alleged in the second amended complaint will be deemed abandoned. *See In re Wireless Tel. Fed. Cost Recovery Fees*

---

[1] Plaintiff's amended complaint might have been intended as a supplement to his original complaint. The Court does not allow amendments by interlineation or by supplement, however, as it creates confusion in the record.

*Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect").

Plaintiff must specify whether he intends to sue each defendant in an official capacity, an individual capacity, or both. The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant.

After receiving the second amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915. Plaintiff's failure to make specific factual allegations against a defendant will result in the dismissal of that defendant. If plaintiff fails to file an second amended complaint on a Court-provided form within thirty days in accordance with the instructions set forth above, the Court will dismiss this action without prejudice and without further notice to plaintiff.

Finally, the Court will deny defendants' motions to dismiss without prejudice to refiling after plaintiff files his second amended complaint.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall mail plaintiff a form Prisoner Civil Rights Complaint Under 28 U.S.C. § 1983.

**IT IS FURTHER ORDERED** that the plaintiff shall file a second amended complaint using this form in accordance with the instructions set forth above within thirty (30) days of the date of this Memorandum and Order.

**IT IS FURTHER ORDERED** that if plaintiff fails to file a second amended complaint in accordance with the instructions set forth above within thirty (30) days of the date of this Memorandum and Order, the Court will dismiss his case without prejudice and without further notice to plaintiff.

**IT IS FURTHER ORDERED** defendants' motions to dismiss for failure to state a claim are **DENIED without prejudice** to refiling after plaintiff has filed a second amended complaint. [ECF Nos. 12 and 16]

Dated this 7th  day of November, 2023.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE